UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-05345-SVW-MAR | Date | July 20, 2026 |
| Title | *Devin Skinner v. Jaguar Land Rover North America, LLC, et al.,* | | |

**JS-6**

| | |
|---|---|
| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |

| | |
|---|---|
| Daniel Tamayo | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING LEAVE TO AMEND AND REMANDING TO STATE COURT [12]

This case was initially filed in Los Angeles Superior Court on April 10, 2026, as an action against Defendant Jaguar Land Rover North America, LLC ("JLRNA") for a violation of California's Song-Beverly Consumer Warranty Act related to the lease of an allegedly defective 2022 Land Rover Defender. Complaint ("Compl."), ECF No. 12-5. On May 18, 2026, Defendant removed the case to this Court under diversity jurisdiction. ECF No. 1. On June 15, 2026, Plaintiff moved to amend the case to join as an additional defendant SAI Santa Monica JagLR, Inc. (doing business as Santa Monica Jaguar Land Rover) ("SMJLR") under a new claim for negligent repair. SMJLR is Defendant JLRNA's representative, from which Plaintiff allegedly purchased the subject vehicle and brought it in for repair on at least occasions. However, since Plaintiff and SMJLR are both citizens of California, joinder would destroy complete diversity and necessitate remand. Declaration of Ethan Khalilian, ("Khalilian Decl."), ECF No. 12-2 ¶ 12.

In analyzing the motion to amend and remand, the Court adopts the reasoning embodied in *Arteaga v. FCA US LLC*, 2020 WL 2857488 (C.D. Cal.) as to the viability of Plaintiff's negligent repair claim despite the economic loss rule. Moreover, regarding joinder, the Court notes three pertinent facts: (1) the motion was brought approximately two months after the complaint was filed, which is not an unreasonable delay; (2) failure to allow joinder here may require Plaintiff to bring multiple suits, where each

:

Initials of Preparer DTA

**JS-6**

Defendant's ability to bring 'empty chair defenses,' implicating the other could cause prejudice; and (3) there is a plausible explanation that Plaintiff's motive for joinder is to avoid such prejudice and therefore is not improper.[1]

Under these circumstances, joinder is appropriate. The Court therefore GRANTS Plaintiff's motion for leave to amend the complaint and join SMJLR as a Defendant. Accordingly, the case is REMANDED to Los Angeles County Superior Court for further proceedings.

**IT IS SO ORDERED.**

[1] Applying the §1447(e) standard generally requires courts to consider six factors: (1) whether joinder is required under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude the plaintiff from filing an action against the non-diverse defendant in state court if joinder is denied; (3) whether there was an unexplained delay in seeking joinder; (4) whether the motive for joinder was solely to defeat federal jurisdiction; (5) whether the claims against the non-diverse defendant appear valid; and (6) whether denying joinder would prejudice the plaintiff. *Khachunts v. Gen. Ins. Co. of Am.*, 682 F. Supp. 3d 827, 832–33 (C.D. Cal. 2023) (citation omitted); *see also, e.g., IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F.Supp.2d 1008, 1011 (N.D. Cal. 2000) (citing *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998)).

:

Initials of Preparer DTA